Affirmed and Memorandum Opinion filed August 1, 2006








Affirmed and Memorandum Opinion filed August 1, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00069-CV

____________

 

CAROL ROUNDTREE AND KELLEY PALMER,
INDIVIDUALLY AND AS NEXT FRIENDS OF AMANDA PALMER, BENJAMIN PALMER, AND BRIAN
PALMER,
MINORS, Appellants

 

V.

 

STEVE OTTO D/B/A KNS CONSTRUCTION
SERVICES, KNS CONSTRUCTION SERVICES AND ALLSTATE TEXAS LLOYDS CO., Appellees

 



 

On Appeal from the 133rd
District Court

Harris County, Texas

Trial Court Cause No. 2003-33553

 



 

M E M O R A N D U M   O P I N I O N








Appellants, Carol Roundtree and Kelley Palmer, individually
and as next friends of Amanda Palmer, Benjamin Palmer, and Brian Palmer,
minors, appeal the trial court=s grant of summary judgment in favor of
appellees, Steve Otto d/b/a KNS Construction Services, KNS Construction
Services, and Allstate.  Appellants filed their appeal with this court on
January 22, 2005.  Appellants= counsel failed to timely file his brief
on April 1, 2005.  By order of this court, we allowed appellants to file their
brief late; their brief was filed on May 12, 2005.  On April 4, 2006, almost a
year later, the case was submitted, but because appellants= brief failed to
comply with Tex. R. App. P. 38.1(h)
due to inadequate citations to the record and authorities, on April 6, 2006, we
ordered appellants to re-brief within thirty days.  Appellants have not filed a
new brief with this court.[1] 
We deem each of appellants= issues waived and affirm the trial court=s judgment.

Appellants= brief fails to adequately cite to the
record as it contains only one citation to their Response to Motion for Summary
Judgment.  That response, including attachments, is 157 pages in length.[2] 
This single citation does not comply with the appellate rule of procedure
mandating appropriate citations to the record.

Appellants also failed to adequately cite authority. 
Appellants provided citation to authority regarding the standards of review for
motions for summary judgment.  However, appellants provided no citation
regarding the elements of the various causes of action they alleged, much less
attempted to adequately apply any case law in their brief.








This appeal concerns the alleged improper grant of summary
judgment.  Appellees filed a traditional and no-evidence motion for summary
judgment.  For this court to adequately determine whether competent evidence
was presented to defeat that motion we must examine the competent summary
judgment evidence.  Yet appellants failed to cite to any particular competent
summary judgment evidence.  Additionally, a no-evidence motion for summary
judgment requires that a party state what elements of a particular cause of
action lack evidence.  Tex. R. Civ. P. 166a(i). 
We then must determine whether those elements lack any evidence.  However,
without adequate citation to any authority for what elements comprise the
various causes of action, appellants have failed to provide adequate authority
to support their arguments.  We are unable to evaluate any of appellants= claims with the
briefing they have provided this court.

Having failed to comply with the rules of appellate
procedure and this court=s order to re-brief, all of their
arguments are waived.  We affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 1, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

 









[1]  Appellants did not even attempt to examine the
record until the day the new brief was due, which we allowed them to do.





[2]  Additionally, the response itself contains scant references to the
attached evidence.  Finally, appellants= only citation to that response is in a single footnote at
the beginning of the Statement of Facts and states only ASee Plaintiffs= Response to Motion for Summary
Judgment.  R, pg. 230.@